# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BLACKLIDGE EMULSIONS, INC.**                                   **PLAINTIFF**

v.                                        CAUSE NO. 1:13CV293-LG-JMR

**JOHN BLANKENSHIP; RACHEL
BLANKENSHIP; GRACE FUEL, LLC;
SEABOARD ASPHALT PRODUCTS
COMPANY; SPECIALTY EMULSIONS,
INC.; and JOHN DOES 1-10**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO DISMISS FOR LACK OF JURISDICTION

**BEFORE THE COURT** is the Motion to Dismiss for Lack of Personal Jurisdiction [8] filed by the defendants Rachel Blankenship and Grace Fuel, LLC. The plaintiff Blacklidge Emulsions, Inc. ("BEI"), has filed a response in opposition to the Motion, but the defendants did not file a reply. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be denied.

## FACTS

BEI manufactures and sells asphalt products, including an "advanced asphalt emulsion tack" commonly called "Trackless Tack." (Compl. at 4, ECF No. 1). It employed the defendant John Blankenship from July 5, 2007 until he resigned on May 24, 2013. (*Id.* at 5). BEI alleges, "Prior to his resignation, Blankenship contacted and solicited BEI customers and clients, and sold, or attempted to sell, asphalt products and/or services on behalf of himself, Grace Fuel, and other competitors of BEI, including Seaboard Asphalt." (*Id.* at 9). BEI also

claims that, in violation of a Non-Compete and Confidentiality Agreement, John continued to compete with BEI after his resignation by marketing and selling products similar to those manufactured and sold by BEI. (*Id.* at 7, 10). Specifically, John and his wife Rachel formed Grace Fuels, a company that sells asphalt products. (*Id.* at 11). BEI claims that John markets Grace Fuel's asphalt products to BEI's customers by utilizing information he acquired while working for BEI. (*Id.* at 5-6, 11-12).

BEI filed this lawsuit against John and Rachel Blankenship, Grace Fuel, and others, alleging that:

> The Defendants willfully, knowingly and intentionally agreed and conspired with each other for the purpose of engaging in unlawful conduct, for unlawful purposes, including acts of violation of the Lanham Act, unfair competition, misappropriation of trade secrets, misappropriation of confidential information, breach of contract and breach of good faith and loyalty, tortious interference with contractual and prospective business relations, and for the purpose of engaging in both otherwise lawful conduct and unlawful conduct by wrongful conduct and means.

(*Id.* at 21).

## DISCUSSION

Rachel Blankenship and Grace Fuels seek dismissal of BEI's claims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). "A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under state law." *Paz v. Brush Eng'd Mat., Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). When the district court considers a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff is only required to make a

prima facie case that jurisdiction is proper.  *Id.*  "Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain dismissal simply by controverting the facts established by a plaintiff through his own affidavit and supporting materials."  *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).  The court's consideration is not limited to the pleadings, and the entire record, including affidavits, can be reviewed while ruling on a Rule 12(b)(2) motion to dismiss.  *Paz*, 445 F.3d at 812.  Nevertheless, uncontroverted allegations in the plaintiff's complaint must be accepted as true, and all disputed facts must be construed in the plaintiff's favor.  *Id.*; *Walk Haydel & Assoc.,* 517 F.3d at 241.

A court can only exercise jurisdiction if "(1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution."  *Id.*  Mississippi's long-arm statute provides:

> Any nonresident . . . . corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code. Ann. § 13-3-57.  Thus, the plaintiff must show that either the contract prong, tort prong, or doing business prong of the Mississippi long-arm statute is

satisfied before the Court can exercise personal jurisdiction over the defendant. *Wilson v. Highpointe Hospitality, Inc.*, 62 So. 3d 999, 1001 (¶6) (Miss. Ct. App. 2011).

BEI claims that jurisdiction is proper in the present case under the tort prong of the long-arm statute. "Under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Paz*, 445 F.3d at 812. A tort is committed in Mississippi when the plaintiff is injured in Mississippi. *Yatham v. Young*, 912 So. 2d 467, 470 (¶7) (Miss. 2005). "Mississippi's long-arm statute contains no requirement that the part of the tort which causes the injury be committed in Mississippi when the injury results in this state." *Baker & McKenzie, LLP v. Evans*, 123 So. 3d 387, 405 (¶64) (Miss. 2013) (quoting *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 672 (Miss. 1994)).

In the present case, BEI is a Mississippi corporation with its principal place of business in Gulfport, Mississippi. As a result, BEI's alleged injuries occurred in Mississippi, and the tort prong of the long arm statute is satisfied. *See Werner v. Landstar LLC*, No. 1:05CV50-D-D, 2006 WL 1029956 at *3 (N.D. Miss. Apr. 18, 2006) ("Because the Plaintiff is a resident of Mississippi at the time of the tort, the Court finds that his injuries occurred in Mississippi."); *see also United Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 579 (S.D. Miss. 2012) ("Here a loss of profits and prospective contracts as well as a loss of income would necessarily occur in

Mississippi as the principal place of business for [the plaintiff].").

The next consideration is whether due process is satisfied under the 14th Amendment to the federal Constitution. *Paz*, 445 F.3d at 812.

> Exercising personal jurisdiction over a nonresident defendant is consistent with due process when (1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.

*Id.* at 813. "Minimum contacts" may give rise to either specific or general personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

BEI advocates the exercise of specific jurisdiction in the present case. The Fifth Circuit has adopted a three-step test for determining whether specific jurisdiction exists:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

"[A]n act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident's conduct." *McFadin*, 587 F.3d at 761. "[F]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts

toward the forum." *Id.* at 762; *see also Calder v. Jones*, 465 U.S. 783, 783-84 (1984) (Intentional, tortious actions aimed directly at the forum state, rather than "mere untargeted negligence" justified the exercise of personal jurisdiction).

BEI claims that Rachel Blankenship and Grace Fuel conspired with John Blankenship and others to steal the customers and trade secrets of BEI. These alleged contacts with Mississippi arise from and are directly related to the cause of action asserted by BEI. BEI has not alleged negligent acts that fortuitously caused harm in Mississippi; rather, it has alleged that the defendants combined efforts with BEI's former employee to specifically and deliberately harm BEI, which is a Mississippi corporation with its principal place of business located in Mississippi. Thus, the Court finds the existence of minimum contacts sufficient to establish a prima facie case of specific personal jurisdiction.

The exercise of personal jurisdiction is also fair and reasonable in this case. John and Rachel Blankenship are the member-managers of Grace Fuel, and all three of these defendants are represented by the same attorney. The claims filed against these defendants arise out of the same facts and circumstances. As a result, the Court finds that the burden placed on Rachel and Grace Fuel in defending the case in this jurisdiction would be minimal, while the burden placed on BEI would be great if it were required to litigate its claims in two different jurisdictions. *See U-Save Auto Rental of Amer., Inc. v. Moses*, No. 1:02CV689-GU-RO, 2006 WL 211955 at *3 (S.D. Miss. Jan. 27, 2006) (holding that it would be inefficient to require plaintiffs to pursue their claims against one of the defendants in another forum

where the defendants were closely related and the claims filed against them were intertwined). In addition, Mississippi has an interest in seeing that its corporations are protected from tortious conduct. *See Unifed Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 581 (S.D. Miss. 2012) (Mississippi has a significant interest in a case arising out of harm directed at a business located within its borders). Since the exercise of personal jurisdiction would not be unfair or unreasonable, the Court finds that BEI has established a prima facie case that personal jurisdiction is proper in the present case.

## CONCLUSION

Fore the foregoing reasons, the Court finds that the Motion to Dismiss filed by Rachel Blankenship and Grace Fuel should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Personal Jurisdiction [8] filed by the defendants Rachel Blankenship and Grace Fuel, LLC, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay entered in this matter on September 4, 2013.

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE